IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORTH AMERICAN CASUALTY
INSURANCE COMPANY,

     Plaintiff,

     v.

ENCOMPASS POWER SERVICES, INC.,
CONTINENTAL CASUALTY COMPANY,
COLUMBIA CASUALTY COMPANY,
ZURICH AMERICAN INSURANCE, AND
DOES 1 through 100,

     Defendants.

CIV-S-05-1587 DFL GGH

MEMORANDUM OF OPINION
AND ORDER

North American Capacity Insurance Company ("NAC") seeks declaratory relief against Encompass Power Services, Inc. ("Encompass"), Continental Casualty Company ("Continental"), Columbia Casualty Company ("Columbia"), and Zurich American Insurance ("Zurich"). Continental moves to dismiss, stay, or transfer the action. Zurich moves for dismissal from the action. For the reasons stated below, the court dismisses the claims against Zurich and stays the action.

1

I.

The events giving rise to this litigation took place in May and June 2002 at the Valero refinery in Benecia, California. Valero hired Encompass to build a co-generation facility at the refinery. Encompass contracted out the electrical work on the project to ECCO. There were two power outages at the refinery while Encompass and ECCO were building the plant. During an investigation of the outages, a fire broke out at the refinery causing approximately $2.9 million in property damage. Since then, Encompass has filed for bankruptcy and Valero, ECCO, and Encompass have been litigating and arbitrating issues related to the fires and plant construction.

Zurich, Continental, Columbia and NAC all insured Encompass's work at the refinery. Zurich issued a first-party property insurance policy to Encompass that included Valero as an additional insured. Continental issued a liability policy to Encompass. Columbia issued a professional liability insurance policy to Encompass. NAC issued a liability policy to ECCO that named Encompass as an additional insured. The principal purpose of this litigation is to determine which insurers must defend Encompass in the ongoing arbitration in Texas.

NAC seeks a declaration from the court that: (1) NAC has no duty to defend or indemnify Encompass; (2) Continental and Columbia have the primary duty to defend Encompass; (3) Zurich provided primary property damage coverage to Encompass and, as an additional insured, Valero; and (4) Zurich has waived its right

to subrogation against ECCO.  If the court finds that NAC must defend Encompass, then NAC seeks a declaration that it is only responsible for the costs over and above those that Continental covers, or that the costs must be spread equitably between NAC, Columbia, and Continental.

Zurich moves to dismiss the claims against it because: (1) there is no case or controversy between NAC and Zurich; (2) NAC lacks standing to bring a claim for declaratory relief against Zurich; and (3) the relief NAC seeks does not satisfy the requirements for federal subject matter jurisdiction.

Continental moves to dismiss, stay, or transfer the case because: (1) there is a first-filed, parallel action proceeding in the Southern District of Texas (the "Texas action"); (2) venue in the Eastern District of California is improper; and (3) Texas provides a proper and superior forum.

II.

A.   <u>Zurich's Motion to Dismiss</u>

Zurich and NAC agree that the Declaratory Judgment Act governs the claims against Zurich.[1]  The Act permits a party to "forestall the accrual of potential damages by suing for a declaratory judgment, once the adverse positions have crystallized and the conflict of interests is real and

---

[1]   The Declaratory Judgment Act provides, in pertinent part, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

3

immediate."   Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981) (citation omitted).  "The 'actual controversy' requirement of the act is the same as the 'case or controversy' requirement of Article III of the United States Constitution."  Id.  Therefore, to obtain declaratory relief, NAC must show that there is a substantial controversy between it and Zurich that is immediate and real. Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510 (1941).  Similarly, NAC must also show that it has standing to bring the action.   Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992).  To show standing, NAC must demonstrate that it has suffered an "injury in fact" – an injury that is "concrete and particularized" – which will be redressed by a favorable decision.  Id. (internal quotations and citations omitted).

NAC seeks the following declarations from the court regarding Zurich: (1) that Zurich provided primary property damage coverage to Encompass and, as an additional insured, Valero; and (2) that Zurich waived its subrogation rights against ECCO.  (Compl. at 8.)  Zurich argues that the court lacks jurisdiction over these claims because none of the requested declarations rests upon an "immediate and real" controversy between Zurich and NAC, and because NAC has not suffered injury in fact.  As a result, Zurich moves to dismiss these claims under Fed.R.Civ.P. 12(b)(1).

NAC argues that without a determination that Zurich provided

primary property insurance to Encompass it will be injured

because it "will be responsible, to its policy limits for damages

assessed against ECCO and potentially Encompass if the claim is

not resolved by way of a payment by Zurich." (Zurich Opp'n at

7.)   However, no damages have been assessed against ECCO or

Encompass at this juncture.   Moreover, NAC alleges that ECCO is

not liable for any damages, and that NAC will not be responsible

for any damages assessed against Encompass.

Although it is possible that, at some point in the future,

NAC will be forced to indemnify Encompass or ECCO for Valero's

damages, NAC has not suffered an injury at this time.   Such

"hypothetical" injuries do not satisfy the case or controversy

requirement or establish standing.[2]   This claim must be dismissed

for lack of jurisdiction.

In addition, NAC seeks a determination that Zurich waived

its right to subrogation against ECCO.   (Compl. at 8.)   NAC

argues that this determination would prevent Zurich from seeking

contribution against NAC for damages Zurich covered that arose

out of ECCO's work.   However, NAC lacks standing to bring this

_____

[2] In addition, it is unclear what injury a determination
that Zurich provided primary property insurance to Encompass
would remedy.   NAC asserts that the court's declaration would
relieve it of the obligation to compensate Valero for damages
that arose out of ECCO's work.   However, Zurich contends that its
coverage is limited to the co-generation facility itself, not the
refinery, and that there was no damage at the co-generation
facility.   Therefore, even if the court granted NAC the relief it
seeks, it would not be relieved from compensating Valero until
the parties determined: (1) whether Zurich's policy covered the
damage; and (2) whether NAC could force Valero to recover from
Zurich before Valero exercised its rights against Encompass.

claim because: (1) there is no impending lawsuit between Zurich and ECCO and no impending contribution claim by Zurich against NAC; (2) Valero has not been awarded damages against Zurich, Encompass, or ECCO; (3) and Zurich has not paid a claim to Valero.[3]  (Zurich Mot. at 20.)  Therefore, NAC has not suffered an injury in fact.  Lujan, 504 U.S. at 560.

For the reasons stated above, Zurich's motion to dismiss for lack of jurisdiction is GRANTED.

B.  Continental's Motion

Continental moves to dismiss or stay NAC's complaint under the first-filed doctrine.  In the alternative, Continental moves to transfer the case to the Southern District of Texas under the doctrine of forum non conveniens.  Because the first-filed doctrine applies, the court declines to decide the forum issue.  This case is STAYED pending the outcome of the Texas action.

1.  First-Filed Doctrine

The first-filed doctrine is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  Pacesetter Sys. Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  The three issues a court evaluates in determining whether to apply the first-filed doctrine are: "the chronology of

---

[3] Valero submitted a claim to Zurich for the property damage.  Zurich denied the claim.  Valero has not challenged the propriety of Zurich's denial.  See note 2, supra.

the two actions, the similarity of the parties, and the similarity of the issues." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994); See also Z-Line Designs , Inc. v. Bell'O Intern., LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (noting that complete identity of the parties and issues is not required as long as both are "similar"); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998) (same); Alaris Med. Sys., Inc. v. Filtertek Inc., 2001 WL 34053241 at *1956 (S.D. Cal. 2001) (same); Alibaba.com, Inc. v. Litecubes, Inc., 2004 WL 443712 at *2 (N.D. Cal. 2004); Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 951 (5th Cir. 1997) ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action.").

　　　　a.　Chronology

　　It is undisputed that Continental filed the Texas action before NAC filed this suit.  Therefore, the court finds that the Texas action is the first-filed suit.

　　　　b.　Similar Parties

　　NAC argues that if a party is present in only one of the cases, the first-filed doctrine does not apply.  However, the rule is not so rigid nor so vulnerable.[4]  See Ward, 165 F.R.D. at

---

[4] Obviously, enforcing so strict a rule would create a gaping loophole in the first-filed doctrine.  If the doctrine only applied when the parties in both cases were identical, a party could easily circumvent it by filing a subsequent action addressing the same issues that added a new party or omitted an existing one.  Thus, the doctrine would be virtually ineffective

648.  The parties and issues in this case are similar to those in the Texas action.  The point of both cases is to determine whether NAC's contract with ECCO obligates it to defend Encompass in the ongoing arbitration.  Because Continental is currently funding Encompass's defense, Continental and NAC are the appropriate parties to litigate the issue.  Both are parties to each case.

NAC's suit, however, names three parties who are not involved in the Texas action and omits two that are.  The two omitted parties are North American Specialty Insurance Company ("NASIC"), an affiliate of NAC, and Royal Indemnity Company. Both parties are of secondary importance in the case.[5]  The three parties NAC added are Encompass, Columbia, and Zurich.  It does not appear that NAC asserts a single significant claim against Encompass in the complaint.  Although NAC does assert claims against Columbia, these claims appear to be the same ones that it asserts against Continental.  Because the claims against Zurich are not justiciable, the court disregards its presence in the case for the purpose of evaluating the similarity of the parties. Therefore, the court finds that the parties involved in the Texas

---

in preventing duplicative litigation.

[5] In the complaint, Continental refers to NASIC and NAC collectively as "NAC".  NAC argues that NASIC did not issue an insurance policy to Encompass and should be dismissed from the Texas action.  Royal issued an excess insurance policy to ECCO and, according to Continental, "may be called upon to step into the role of NAC in providing a defense [to Encompass]." (Grabouski Decl. Ex. A.)

action and this case are similar.[6]

    c.   Similar Issues

    This case and the Texas action seek to resolve the same fundamental issues: (1) whether Encompass is an additional insured under NAC's contract; and (2) whether NAC is obligated to contribute to the defense of Encompass.  However, NAC argues that applying the first-filed doctrine will leave the following issues outstanding: (1) whether Continental is obligated to defend Encompass; (2) whether Columbia is obligated to defend Encompass; and (3) how to apportion the multiple defense and indemnity obligations to Encompass.[7]

    Even if NAC were correct, these additional issues would not justify departing from the first-filed doctrine because the core issues of each case are the same and these peripheral concerns can be resolved in the Texas action by joining Columbia.[8] Allowing similar actions to proceed concurrently in two different federal courts, when a single action could more efficiently resolve all claims, wastes judicial resources.  The court finds

---

    [6] To the extent that NAC believes Columbia and Encompass must be made parties to completely resolve the issues, it can join them in the Texas action.  NAC's contention that Zurich is not subject to personal jurisdiction in Texas is contradicted by Continental's evidence that it entered into the contract with Encompass in Houston, Texas, and is immaterial because NAC has not stated a claim against Zurich.

    [7] Because they are not justiciable, the court disregards NAC's claims against Zurich for the purpose of this analysis.

    [8] At oral argument, Continental and NAC agreed that there is no barrier to joining Columbia to the Texas action.

1  that the issues in both cases are sufficiently similar to satisfy
2  the requirements of the first-filed doctrine.

3       2.   <u>Bad Faith</u>

4       Although there is a presumption in favor of applying the
5  first-filed rule, its application is not automatic.  <u>Pacesetter</u>,
6  678 F.2d at 95.  Instead, a court must consider fairness and
7  judicial economy when deciding whether to dismiss, stay, or
8  transfer a second-filed action.  <u>Id.</u>  In particular, the first-
9  filed doctrine does not apply to actions filed in bad faith.
10 <u>Alltrade, Inc.v. Uniweld Prods. Inc.</u>, 946 F.2d 622, 628 (9th Cir.
11 1991).

12      NAC argues that Continental filed the Texas action in bad
13 faith because: (1) the Texas action was "anticipatory"; (2) "it
14 does not seek to comprehensively resolve the insurance coverage
15 issues"; and (3) the reason Continental filed the suit was to
16 prevent Columbia from having to provide coverage under its policy
17 with Encompass.  NAC's arguments do not support a finding of bad
18 faith.

19      NAC contends that Continental's action was anticipatory
20 because NAC had informed Continental that it did not intend to
21 participate in a mediation on behalf of Encompass.  However,
22 Continental was never informed that NAC intended to file suit to
23 resolve this issue.  To deem the Texas action an anticipatory
24 filing, Continental must have been presented with a more direct
25 indication of an impending lawsuit than just NAC's expression of
26 an intent not to mediate.  <u>See, e.g.</u>, <u>Amerada Petroleum Corp. v.</u>

10

<u>Marshall</u>, 381 F.2d 661 (5th Cir. 1967) (finding that a suit was anticipatory where the defendant sent a letter to the plaintiff informing him that the defendant intended to sue in a less convenient forum unless the plaintiff consented to suit); <u>Ward</u>, 158 F.R.D. at 648 (finding that an anticipatory filing resulted from the "receipt of specific, concrete indications that a suit by the defendant was imminent"); <u>Guthy-Renker Fitness</u>, 179 F.R.D. at 271 (same).  Because NAC never disclosed an intent to file a lawsuit, the Texas action was not an anticipatory filing.

NAC also alleges that Continental filed the Texas case in bad faith because Continental did not sue Columbia, even though, according to NAC, Columbia's involvement is necessary to resolve the insurance issues related to the fire.  NAC contends that Continental's failure to sue Columbia is part of a scheme to insulate Columbia from any claim Valero might make against Encompass.  To support this contention, NAC points to the fact that Continental and Columbia are owned by the same corporation, Continental's contract with Encompass has a $1 million policy limit on liability, Columbia's contract with Encompass has a $20 million policy limit on liability, and Valero claims that it suffered approximately $40 million in damages.

Continental explains that it refrained from filing suit against Columbia because the only issues in the Texas action are: (1) whether Encompass is an additional insured under NAC's policy with ECCO; and (2) if so, what the priority of NAC's coverage is relative to Continental's.  Continental contends that including

Columbia in the suit would have been improper because, as Encompass's professional liability carrier, Columbia has no interest in the suit.

Bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity." <u>U.S. v. Manchester Farming P'ship</u>, 315 F.3d 1176, 1185 (9th Cir. 2003) (citation omitted). Even if Continental intentionally omitted Columbia from the Texas action for the reasons NAC suggests, that conduct would not injure NAC because NAC can easily join Columbia to the Texas litigation. NAC does not allege that Continental deceived it or concealed the fact that Columbia also issued a policy to Encompass. At worst, Continental is attempting to reduce Columbia's litigation costs by resolving the dispute with NAC independently. Although this approach may not further NAC's interests, it does not constitute bad faith. Because NAC has not shown bad faith, applying the first-filed doctrine is appropriate.

////

////

////

////

////

////

////

////

1

III.

2      For the reasons stated above, the claims against Zurich are

3  DISMISSED and the case is STAYED pending the outcome of the Texas

4  action.

5      IT IS SO ORDERED.

6  Dated: 12/16/2005

7

8

9  

10 _____

11 DAVID F. LEVI
   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26